UNITED STATES BANKRUPTCY DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

IN RE:

JOE ALVAREZ,                       BANKRUPTCY
                                         CASE NO. 08-12806-JKO

    Debtor/Plaintiff

                                        Chapter 7

vs.                                      ADVERSARY PROCEEDING
                                         CASE NO. 15-01176-JKO

BANK OF AMERICA, N.A., VENTURES
TRUST 2013-I-H-R, and SERVICES ONE, INC.,
d/b/a BSI FINANCIAL
SERVICES, INC.,

    Defendants.
_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT VENTURES TRUST 2013-I-H-R AND SERVIS ONE, INC. D/B/A BSI FINANCIAL SERVICES, INC.'S AMENDED MOTION TO DISMISS WITH PREJUDICE AND MEMORANDUM OF LAW**

      Plaintiff, JOE ALVAREZ, (hereinafter referred to as "Plaintiff") by and through his undersigned attorney, submits this Response to Defendant Ventures Trust 2013-I-H-R and Servis One, Inc. d/b/a/ BSI Financial Services, Inc.'s (hereinafter referred to as "Defendant") Amended Motion to Dismiss with Prejudice and Memorandum of Law, and in support thereof, state as follows:

**I. INTRODUCTION**

      Defendant contends that the Plaintiff's Complaint should be dismissed because "[t]he Plaintiff's complaint clearly lacks any factual allegations that can support a cause of action under the single count for willful violation of the discharge injunction" and because "[t]he Order dismissing the District Action with Prejudice (*Alvarez v. BOA Corporation, et al.*, Case NO. 14-cv-60009-KAM (S.D. Fla. April 17, 2015)), bars re-litigation of the issues raised in the

1

Complaint filed in this Adversarial Proceeding. The Defendant cites the case of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.E. 2d 929 (2007) in support of its first ground for dismissal.

## II.   ARGUMENT

### A.   Legal Standard

In ruling on a 12(b)(6) motion, the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Speaker v. U.S. Dept. of Health*, 09-16154 [11th Cir. 10-22-2010 citing *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003)]. To withstand a motion to dismiss, a complaint must state a "plausible" claim for relief. *Anthony v. American Gen. Financial Serv*. 08-15983 [11th Cir. 11-30-2010], citing *Ashcroft v. Igbal*, 129 S. Ct. 1937, 1949 (2009)]. The 'scope of the review must be limited to the four corners of the complaint. *Speaker* at p. 13. The district court may consider an extrinsic document if it is central to the plaintiff's claim and its authenticity is not challenged. *Speaker. Id*. The 11th Circuit articulated in *Speaker* that in "*Twombly*, the Supreme Court distinguished 'plausible' claims from allegations that were merely 'conceivable,' and stated that the Court '[did] not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.' *Id*. At 570, 127 S.Ct. at 1974. The Supreme Court explained that a complaint 'does not need detailed factual allegations,' but the allegations 'must be enough to raise a right to relief above the speculative level.' " *Id*. At 555; 127 S. Ct at 1964-65.

*Twombly's* standard is intended to test whether allegations in a complaint are made with sufficient specificity as "to raise a right to relief above the speculative level." *Twombly,* 127 S. Ct. at 1965. The *Twombly* Court explained, "[w]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its

face." *Twombly,* 127 S. Ct. at 1974 (2007). As one federal appeals court explained, *Twombly* imposes "two easy-to-clear hurdles:" plaintiffs must provide fair notice to defendants of plaintiffs' claims; and plaintiffs must plausibly suggest that plaintiffs have a right to relief, which rises above a "speculative level" *EEOC v. Concentra Health Services,* 496 F.3d 773, 776 (7th Cir. 2007) citing *Twombly,* 127 S.Ct. at 1964, 1965, 1973, n.14, and *Conley v. Gibson,* 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).

**B.     The Complaint is Well Pleaded Under Twombly**

In this case, the allegation against Defendant is well-pleaded and more than sufficient to clear the *Twombly* "hurdles". In fact, Plaintiff has combed through hundreds of documents obtained from Defendant and from third parties, including banks and loan servicers which demonstrate that the Defendant has willfully violated the discharge injunction and the documents attached to the Plaintiff's Complaint have overwhelmingly supported Plaintiffs' well-pleaded allegations of wrongful conduct by the Defendant. Defendant has had fair notice of the allegations against it. Accordingly, Defendant's Amended Motions to Dismiss should be denied.

Further, neither the law of the case nor res judicata bars this litigation.

**C.     Res Judicata Does Not Bar This Litigation**

Plaintiff is keenly aware of the Order of Dismissal with Prejudice entered in the action styled *Alvarez v. BOA Corporation, et al*., Case NO. 14-cv-60009-KAM (S.D. Fla. April 17, 2015), however, the issues in this Adversary Proceeding are not barred from re-litigation because the instant claim involves a different issue and arises out of a different nucleus of operative facts as in the former proceeding and thus the elements that make up the law of the case doctrine and res judicata are not present.

First, Plaintiff wishes to clarify the law of the case doctrine from that of res judicata. The

law of the case doctrine is 'based upon sound policy that when an issue is once litigated and decided, that should be the end of the matter' ... [the] litigation should come to an end." *Morrow v. Dillard,* 580 F.2d 1284, 1290 (5th Cir.1978). The doctrine of 'law of the case' is a rule of practice under which a rule of law enunciated by a federal court 'not only establishes a precedent for subsequent cases under the doctrine of stare decisis, but (also) establishes the law which ... [the court] itself will, normally, apply to the same issues in subsequent proceedings in the same case. On the other hand, res judicata otherwise known as claim preclusion bars re-litigation not only of claims raised, but also of claims that could have been raised, law of the case "applies only to issues that were decided in the former proceedings. *In re Piper Aircraft Corp.* 244 F.3d 1289, 1296 (11th Cir.2001).

The sole issue presented in this proceeding, namely, "whether the Defendant willfully violated the discharge injunction by seeking to collect on the debt monetarily" was not pled in the former proceeding. Therefore, the only applicable theory in which to dismiss the instant proceeding is by application of res judicata, however for the reasons set forth below, it is inappropriate to apply the doctrine of res judicata.

Claim preclusion bars subsequent litigation when the following conditions are met: (1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) both cases involve the same parties or their privies; and (4) both cases involve the same causes of action. *Id.* The Plaintiff concedes that requirements 1-3 above are satisfied, but requirement number 4 is not present in this proceeding. The current and former adjudication simply do not involve the same cause of action. "In general, cases involve the same cause of action for purposes of res judicata if the present case 'arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action.'" *Israel Discount Bank, Ltd. v. Entin,*

4

951 F.2d 311, 315 (11th Cir.1992)(*quoting Citibank, N.A. v. Data Lease Fin. Corp.,* 904 F.2d 1498, 1503 (11th Cir.1990)). "Put another way, they must 'arise out of the same transaction or series of transactions.' " *Id. (quoting Justice Oaks II,* 898 F.2d at 1551). *"[R]es Judicata* extends not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact.' " *Piper Aircraft,* 244 F.3d at 1295 (*quoting Olmstead v. Amoco Oil, Co.,* 725 F.2d 627, 632 (11th Cir.1984)). " 'In determining whether the causes of action are the same, a court must compare the substance of the action, not their form.' " *Israel Discount Bank,* 951 F.2d at 315 (*quoting I.A. Durbin, Inc. v. Jefferson National Bank,* 793 F.2d 1541, 1549 (11th Cir.1986)). "The court next determines whether the claim in the new suit was or could have been raised in the prior action; if the answer is yes, res judicata applies *Piper Aircraft,* 244 F.3d at 1296.

The substance of the Complaint's allegations i.e., the willful violation of the discharge injunction violations by the Defendant deals exclusively with the wrongs committed by the Defendant *after* the discharge of the Plaintiff's bankruptcy while overwhelming substance of the prior proceeding's allegations raised in action deal with acts and facts which occurred *prior to* the Plaintiff's discharge, namely those facts surrounding the formation of the mortgage loan itself. In fact, of the 42 factual allegations asserted in the previous proceeding, roughly only 2-3 of those substantive allegations are re-pled in this action. There is a good reason for this, for not only were these additional facts not asserted in the previous proceeding, they could not have been because the vast majority of the wrongful conduct had not yet occurred at the time that the claims in the previous action were asserted on November 13, 2013. For example, the documents affixed to the Complaint filed in the instant action as exhibits demonstrate on their face that the Defendant has been violating the discharge injunction as recently as February 2, 2015. More dates of

correspondence sent by the Defendant to the Plaintiff include:  March 3, 2014, December 3, 2014, and December 29, 2014.

Is there no redress for the Plaintiff in this instance when the Defendant, who is under a permanent injunction, demonstrates is willful disregard for that injunction and continuously and systematically violates it?

Thus, this Court cannot find that the fourth requirement for application of res judicata has been satisfied (same cause of action) because the instant claim does not arise out of the same nucleus of operative fact as the former proceedings.

## II.    CONCLUSION

For the foregoing reasons, Plaintiff has stated a cause of action against the Defendant and the Defendant's Amended Motion to Dismiss must be denied.

>
> Respectfully Submitted,
>
> LAW FIRM OF GARY M. SINGER, P.A.
> 1391 Sawgrass Corporate Parkway
> Sunrise, Florida 33323
> Telephone: (954) 851-1448
> Facsimile: (954) 252-2189
> Primary Email: pascale@garysingerlaw.com
> Secondary Email: service@garysingerlaw.com
>
> By: /s/ Gary M. Singer
>     Gary M. Singer
>     Florida Bar No. 544906

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of June, I electronically filed the foregoing with the Clerk of the United States Bankruptcy Court, Southern District of Florida's CM/ECF filing system which will also send an electronic notification to the following:

Forrest Sygman, Esq.
L. Allen Gaffney, Esq.
Forrest Sigman, P.A.
8603 So. Dixie Highway, Suite 408
Miami, FL  33143
forrest@sygmanlaw.com
allen@sygmanlaw.com

Emily Y Rottman, Esq.
Counsel of Bank of America
McGuire Woods, LLC
50 North Laura Street, Suite 3300
Jacksonville, FL  32202
erottmann@mcguirewoods.com

Sherry Lambson Eisele, Esq.
Counsel for Servis One d/b/a BSI Financial Services, Inc. and Ventures Trust
South Milhausen, P.A.
1000 Legion Place, Suite 1200
Orlando, FL  32801
sleisele@southmilhausen.com
ttaylor@southmilhausen.com
crogers@southmilhausen.com

                                                By:  /s/ Gary M. Singer
                                                Gary M. Singer
                                                Florida Bar No. 544906